**United States District Court**
**District of Connecticut**

| | |
|---|---|
| FRANTZ CADET, Jr. | |
| v. | DOCKET NO: |
| LILY CADET | |
| | JANUARY 3/02/2026 |

## COMPLAINT

## INTRODUCTION

This action is brought because the Defendant defamed the character of the plaintiff and has caused over five hundred thousand dollars ($500.000.00) of damages to the Plaintiff. As a result of the Defendants' actions, the Plaintiff continues to suffer damage to his character and his business.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

## JURISDICTIONAL AND VENUE ALLEGATIONS:

1. This Court has jurisdiction based on Diversity of the parties because the plaintiff and defendant reside in different states and the amount in controversy is over seventy-five thousand dollars ($75,000.00) and Venue is proper because the actions and statements that gave rise to this complaint were made in Trumbull Connecticut.

2. Additionally, the defendants were living in Trumbull Connecticut when they alleged that certain illegal acts were committed by the Plaintiff and on information and belief, the Defendant made statements to the Trumbull Police Department in Trumbull, Connecticut, in Massachusetts and

over the telephone.

3. The Plaintiff, FRANTZ, CADET JR.,("CADET"), is an individual and resident of this state in the City of Trumbull in Fairfield County.

4. On information and belief, at all times relevant herein, the Defendant, LILY CADET is a natural person who resides at 6 Havard Park #3, Dorchester, MA 02124.

**NON-JURISDICTIONAL FACTS:**

5. On or about July 5th, 2023, the plaintiff, Cadet, was accused by the State of Connecticut of crimes because of report made by the defendant while she was a minor.

6. When the defendant attained the age of majority, she adopted the statements made in the report at a time she was a minor. After she reached the age of majority, she continues with the same accusations and told the State of Connecticut that she intend to appear at trial and be a witness and victim.

7. The accusations and statements by the defendant were made verbally and in writing about and concerning the Plaintiff, Cadet to various Police departments and other state agencies on or about March 18, 2023 and later and continuing in the future as the criminal case progresses.

8. Many of the statements made by the defendant to these third parties were false and those false statements led to the arrest of the plaintiff, Cadet.

9. The defendant knew the aforementioned statements were false at the time they made the statements and adopted the false statements.

10. The Defendant also made the aforementioned false statements about and concerning the Plaintiff, Cadet to third parties and individuals in the Connecticut community and Massachusetts community.

11. As a result of the aforementioned false statements, the Plaintiff, Cadet's personal and profession-al reputation have been harmed, harmed in the community and in the world and the Plaintiff's incurred money damages, anguish and emotional distress and extreme emotional distress.

12. The Plaintiff has endured and continues to endure extreme emotional distress as a result of the false statements made by the defendant n the past and statements the defendant continues to make in the present and in the future as the criminal case against Cadet proceeds through the court.

<u>**COUNT I**</u>
<u>**(DEFAMATION OF CHARACTER SLANDER**</u>
<u>**AS TO LILY CADET)**</u>

1-12 Paragraph 1-12 of the common facts are hereby incorporated and made paragraph 1 to 12 of this count as if fully stated herein.

13. Verbally, the Defendant, Lily Cadet told the Trumbull Police detective and others that what the plaintiff did to her was "disgusting".

14. Verbally, the defendant, Lily Cadet told the Trumbull Police detective and others that while she was at the Plaintiff's home in 2019/2020 that "little things began to happen between her and Frantz"

15. Verbally, the defendant, Lily Cadet told the Trumbull Police detective and others that while she was at the Plaintiff's home in 2019/2020 that she remembers one night she could not fall asleep and "Frantz started to hug and kiss her".

16. Verbally, the defendant, Lily Cadet told the Trumbull Police detective and others that over time, the plaintiff/Cadet would give her kisses "here or there", meaning on her neck or mouth.

17.  Verbally, the defendant, Lily Cadet told the Trumbull Police detective and others that one night, the plaintiff/Cadet came into her room and eventually started touching the defendant's vagina under clothing.

18. Verbally, the defendant, Lily Cadet told the Trumbull Police detective and others that one night, the plaintiff/Cadet came into her room and started to caress the defendant's vagina area.

19. Verbally, the defendant, Lily Cadet told the Trumbull Police detective and others that one night, the plaintiff/Cadet came into her room and touched her "boobs" under her skirt.

20. Verbally, the defendant, Lily Cadet told the Trumbull Police detective and others that one night, the plaintiff/Cadet came into her room, put the defendant's hand towards the plaintiff's "penis and eventually had the defendant kiss it".

21. Verbally, the defendant, Lily Cadet told the Trumbull Police detective and others that one night, the plaintiff/Cadet came into her room, "pulled his boxers down, laid her down across her bed, and put his penis around the outside of her vagina while her paints were down".

22. Verbally, the defendant, Lily Cadet told the Trumbull Police detective and others that eventually, this instance led to full sexual intercourse.".

23. Verbally, the defendant, Lily Cadet told the Trumbull Police detective and others that the plaintiff Cadet and her had sex several other times in different part of the plaintiff's home.

24. Verbally, the defendant, Lily Cadet told the Trumbull Police detective and others that the plaintiff/Cadet would often clean his own "cum" "up with his shirt."

25. Verbally, the defendant, Lily Cadet told the Trumbull Police detective and others that the plaintiff/Cadet would tell the defendant "not to tell anyone so he did not get into trouble."

26. Verbally, the defendant, Lily Cadet told the Trumbull Police detective and others that the plaintiff/Cadet told her if she got pregnant, he would get her a pill to take.

## COUNT II
## (DEFAMATION OF CHARACTER – LIBEL)

1-26 Paragraph 1-26 of count II are hereby incorporated and made paragraph 1 to 26 of this count.

27. On information and belief, the defendant Lily Cadet made the same statements in writing to third parties, including and not limited to the Trumbull Police Department, her mother, a priest, online via various websites like Instagram and facebook.

## COUNT III (FALSE LIGHT)

1-27 Paragraph 1-27 of count II are hereby incorporated and made paragraph 1 to 27 of this count.

## COUNT IV
## (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

1-27 Paragraph 1-27 of count II are hereby incorporated and made paragraph 1 to 27 of this count.

28. The Defendant had a duty to act as a reasonable person would under the circumstances so as to avoid putting the Plaintiff or anyone in the Plaintiff's position at risk of harm.

29. The Defendant breached that duty when she made and published the false statements about and concerning the Plaintiff.

30. The Defendant knew or should have known that the statements were false.

31. As a direct and proximate result of the false statements and breach of duty by the Defendant, the Plaintiff incurred money damage, anguish and emotional distress.

32. The Defendant was a substantial factor in causing the aforementioned harm to the Plaintiff.

## COUNT V
## (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

1-32 Paragraph 1-32 of count IV are hereby incorporated and made paragraph 1 to 32 of this count.

## COUNT VI
## (ABUSE OF PROCESS)

1-32 Paragraph 1-32 of count IV are hereby incorporated and made paragraph 1 to 32 of this count.

33. The defendant used the legal process to inflict emotional distress upon the defendant as her statements and accusations were false.

34. False statements and false report to the police is a crime in the State of Connecticut and such acts are not what the legal system was created for.

35. The defendant used the legal system for a purpose for which it was not intended as the system was not created to inflict emotional distress on people.

**WHEREFORE**, the Plaintiff respectfully demands as follows:

1. Money damages

2. Award of legal fees.

3. Money damage for anguish and emotional distress and extreme emotional distress

4. Double or Treble damage for each appropriate claim.

5. Any other relief the Court deems fair and equitable.

## **JURY DEMAND**

The Plaintiffs demand a jury trial on all issues so triable.

THE PLAINTIFF.
Frantz Cadet

/s/__Andre Cayo (ct29012)__
Andre Cayo, Esq. (Ct29012)
2777 Summer Street, 5th Floor
Stamford, CT 06905
203-517-0416  Phone
203-517-0418 Fax
Cayolaw@gmail.com