UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FRANTZ CADET, JR.                         :
                                          :
          Plaintiff,                      :        Case No.: 3:26-cv-00310 (VAB)
                                          :
v.                                        :
                                          :
LILY CADET                                :
          Defendant.                      :        July 16, 2026

**DEFENDANT LILY CADET'S *NUNC PRO TUNC* MOTION TO SEAL CERTAIN
EXHIBITS PLAINTIFF'S COUNSEL FILED**

The Defendant, Lily Cadet, pursuant to Local Rule 5(e) and 5.2 of the Federal
Rules of Civil Procedure, respectfully moves this Court, *nunc pro tunc*, to seal certain
exhibits that Plaintiff's counsel filed in connection with his Opposition to Defendant's
June 8, 2026 Motion to Dismiss. (ECF 21).

By way of background, this Court previously granted the Defendant's Motion to
Seal, *Nunc Pro Tunc*, (ECF 15), sealing an Exhibit attached to the Defendant's April 27,
2026 Motion to Dismiss (ECF 14-1). That Exhibit was an Application for Arrest Warrant
that contained graphic details concerning the then minor Defendant, Lily Cadet.

Defendant files this Motion to obtain the same relief for the same reason. Here,
Plaintiff's counsel filed, as Exhibits to his June 8, 2026 Opposition to Defendant's Motion
to Dismiss (ECF 21), a previously filed State Court complaint (ECF 21-2)(which reveals
the substance of the now sealed Application for Arrest Warrant) and, surprisingly, a
recently filed State Court Complaint and related documents, which are subject to a May
19, 2026 Superior Court (Hon. Charles Reed) Order granting Lily Cadet's *Ex Parte*

1

Application for Use of Pseudonym.  (ECF 21-4 and 21-5). Those exhibits by clear implication reveal the same information that this Court found necessary to seal, and that Superior Court Judge Reed found justified Ms. Cadet proceeding under a pseudonym.

This Motion does not directly raise the issue of whether Plaintiff's counsel's filing of ECF 21-5 violated Judge Reed's Order (though it can be inferred Plaintiff's counsel knew about Judge Reed's Order). It does, however, question why Plaintiff's counsel did not correct his filing of ECF 21-5 after receiving the undersigned's June 29, 2026 letter asking him to take all necessary steps to remedy the disclosure of Defendant's full legal name. Plaintiff's counsel failed to take those said steps, leading to this Motion.

Nevertheless, 18 U.S.C. §§ 3509 and 3771 support sealing both ECF 21-2 and 21-5 because Defendant was a minor at the time of the report and the underlying events, and the victim of the crime. Defendant therefore requests the Court seal ECF 21-2 and 21-5 from public access and require the Plaintiff's counsel to, if necessary, refile his Opposition to the Motion to Dismiss, without the Exhibits, for public access.

THE DEFENDANT,
LILY CADET


By: *Anthony Minchella*
Anthony R. Minchella, Esq. (CT 18890)
Minchella & Associates, L.L.C.
765 Straits Turnpike, Suite 2002
Middlebury, CT 06762
Tel: 203-758-1069
Fax: 203-758-2074
aminchella@minchellalaw.com

2

## CERTIFICATION OF SERVICE

I hereby certify that on July 16, 2026, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*Anthony Minchella*
Anthony R. Minchella